## Samuel P. Kelly v. Robert Judy.

1. INSTRUCTIONS—*when party cannot complain of omissions in oral.* A party cannot complain of the failure of the court to instruct the jury upon a particular proposition where the court has instructed the jury orally by consent, if he has not specifically directed the attention of the court to such omission at the time the instructions were being given.

Action commenced before justice of the peace. Appeal from the Circuit Court of Vermilion County; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed March 20, 1906.

D. D. DONAHUE, for appellant.

Oscar H. Wylie, for appellee.

Mr. Justice Baume delivered the opinion of the court.

This is a suit by appellant against appellee, originally commenced before a justice of the peace, to recover $28.91 upon a book account. The verdicts and judgments in both courts were in favor of appellee. The record discloses that the evidence tending to support the contention of the respective parties is inextricably conflicting and would support a finding for either party upon the merits of the controversy.

Upon the trial appellant desired to introduce in evidence his ledger for the purpose of showing the state of appellee's account, but anticipating an objection by appellee thereto, suggested that appellee waive the necessary preliminary proof of its competency as evidence, whereupon, counsel for appellee, who was desirous of obtaining an advantage which might accure to his client by reason of certain alleged apparent erasures and alterations in the ledger account, consented to waive such preliminary proof and the ledger was admitted. It is now insisted by appellant that appellee's consent to the introduction of the ledger must be held to be an admission by him of the correctness of the ledger account. There is no force in this insistence. Appellee merely waived certain preliminary proof, which, it was conceived by the parties, would make the ledger competent to be considered in evidence, and such waiver was not an implied admission on the part of appellee that the ledger account was true and correct, and did not preclude appellee from attacking the correctness of the account, thereby shown, by any legitimate evidence at his command.

By consent of the parties, the trial court instructed the jury orally, and the instructions so given state the law applicable to the case with substantial accuracy. If appellant desired to have the jury instructed as to the law applicable to some phase of the case, which he conceives was omitted by the court, it was his duty specifically to direct the attention of the court thereto, and if that had been done, the

court would, doubtless, have covered the point by proper instructions.

The record being free from error, the judgment is affirmed.

*Affirmed.*